Case 1:20-cv-02212-SHR Document 1 Filed 11/25/20 Page 1 of 12

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Luis Rosa

**(b)** County of Residence of First Listed Plaintiff: **Dauphin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ronald T. Tomasko (717)428-8200
6 N. Frederick Street, Mechanicsburg, PA 17055

## DEFENDANTS
Pennsylvania Parole Board

County of Residence of First Listed Defendant: **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e-2 and 3(a)
Brief description of cause:
Employment Retaliation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Rambo
DOCKET NUMBER: 1:19-cv-01452-SHr

DATE: 11/25/2020
SIGNATURE OF ATTORNEY OF RECORD: *Ronald T. Tomasko*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSA, | : | |
| Plaintiff, | : | |
| v. | : | No. |
| PENNSYLVANIA PAROLE BOARD | : | |
| Defendant. | : | Electronically filed |

## COMPLAINT

Now comes the Plaintiff, Luis Rosa ("Mr. Rosa" or "Plaintiff"), by and through his attorney, Ronald T. Tomasko, Esquire of Tomasko & Koranda, P.C., and makes the following Complaint.

I. **JURISDICTION**

1. This action is authorized, initiated, founded upon, and arises under the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. §§ 2000e-2(a) and 3(a). Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202.

2. The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343; 42 U.S.C. §§ 2000e-2(a) and 3(a).

1

3. The violations of Plaintiff's rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.   **PARTIES**

4. Plaintiff is an adult male individual who resides at 2310 Scarsborough Drive, Harrisburg, PA 17112.

5. Defendant is the Pennsylvania Parole Board (hereinafter "PPB") is an independent agency in Pennsylvania under the Governor's jurisdiction.

6. Defendant has 101-200 employees.

7. At all times material hereto the Defendant was, and is, engaged in an industry which engages in interstate commerce.

## III.   **ADMINISTRATIVE PREREQUISITES**

8. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on August 18, 2020 alleging unlawful discrimination on account of, <u>inter alia,</u> retaliation.

9. The EEOC sent the Plaintiff a Notice of Right to Sue dated September 1, 2020.

## IV. EQUITABLE RELIEF

10. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged in this suit and declaratory and injunctive relief is his only means of securing adequate relief.

## V. JURY TRIAL DEMAND

11. Plaintiff demands a trial by jury in this matter.

## VI. FACTUAL ALLEGATIONS

12. Plaintiff is a citizen of the United States of America.

13. Plaintiff is of the Hispanic or Latino race.

14. Plaintiff is, by virtue of his race, a member of a physiognomically distinct class of people based upon racial and physical appearance characteristics.

15. Plaintiff was employed by the Pennsylvania Parole Board ("PPB") from November 2004 to March 29, 2018 (made retroactive to February 6, 2018) most recently as a Director of Reentry and Quality Assurance ("Director"). Subsequent to Plaintiff being promoted to the Director position, a partial "merger" occurred between DOC and PPB on October 19, 2017.

16. On March 29, 2018, Plaintiff was informed he was no longer employed by the PPB but was employed by the Pennsylvania Department

3

Corrections ("DOC") holding the reclassified title of Deputy Secretary for Reentry. The reclassification was backdated to February 6, 2018. Appointment to the Deputy Secretary for Reentry position was conditional based on satisfactory completion of a background investigation.

17. On December 13, 2017, in his capacity as Director of Reentry and Quality Assurance Mr. Rosa was present for a "sexual harassment training" at which the Secretary of Corrections, John Wetzel, authorized/or otherwise approved vile and inappropriate statements/examples of sexual assault and sexual behavior in the prison setting, as well as, descriptive remarks related to female sexual anatomy. These examples were then delivered during the course of the "sexual harassment training" by Secretary Wetzel's staff to both employees of PPB and DOC. Some staff ceased participation in the training at that time and subsequently others inquired whether they were "sexually harassed during the sexual harassment training". Given the Plaintiff's leadership role, the Plaintiff, confronted Secretary Wetzel at a meeting after the training regarding the statements/examples.

18. At all times material hereto, Plaintiff was qualified to be Deputy Secretary for Reentry.

19. At all times material hereto, Plaintiff performed his work for the DOC and PPB in a good, professional, competent, and workmanlike manner.

20. On April 25, 2018, Plaintiff learned of the termination of his employment by way of correspondence signed by Ty Stanton, Public Safety Human Relations Manager.

21. Plaintiff was purportedly terminated due to Secretary Wetzel wanting a "change in leadership."

22. The reason stated by the DOC for termination of Plaintiffs employment was pretextual on account of Plaintiff's race and national origin and/or retaliatory.

23. The termination of Plaintiff's employment by the DOC was on account of the Plaintiff's race and national origin and/or in retaliation for complaining about the statements/examples approved by Secretary Wetzel and is subject to a separate action in this Court docketed at 1:19-CV-1452.

24. On December 9, 2018, Plaintiff applied for an open Parole Hearing Officer position with the PPB and scored 100% on the test. On June 21, 2019, Plaintiff received correspondence from the PPB indicating: "Unfortunately, we are not able to move forward with filling this position at

this time." On August 18, 2019, Plaintiff again applied for two open (2) Parole Hearing Officer positions with the PPB and scored 100% on one test and 97% on the second test. Plaintiff received correspondence dated November 14, 2019 indicating: "Unfortunately, we are not able to offer you further consideration for this position (sic). The program area has decided not to fill the position (sic) at this time." Notwithstanding that representation, the PPB actually hired two (2) Parole Hearing Officers: Angela Kassab and Kathleen DeMauro in March or April of 2019.

    25.    On March 21, 2019, PPB Chairman Theodore Johnson ("Johnson") and the Bureau of Investigations and Intelligence for DOC James Barnacle ("Barnacle") met. At said meeting, Barnacle admitted he shared an internal DOC investigative file with Johnson, at Johnson's request, without the permission of: the Office of Administration, the Civil Service Commission, Legal Counsel for either the PPB or the DOC or written authorization of Mr. Rosa in violation of Management Directive 505.18. Moreover, as a matter of record in the related DOC matter docketed at 1:19-CV-1452, both the State Office of Inspector General and the Office of Attorney General averred that all agency investigatory files are privileged and otherwise confidential.

26. After meeting with Barnacle and receiving the privileged and confidential DOC investigation, the PPB did not interview the Plaintiff for a Parole Hearing Officer position and treated the Plaintiff as an "outside" hire and not an "internal" hire. Though the Office of Administration has previously permitted separated Commonwealth employees to be treated as internal hires and have prioritized reinstatement of previous employees. These actions by the PPB thwarted Plaintiff's efforts to seek employment with PPB.

27. It is believed, and therefore averred, that the PPB acted in concert with the DOC to attempt to deny the Plaintiff Commonwealth employment after his termination on April 25, 2018 to present.

28. These actions of PPB were a further act of retaliation for Plaintiff's confrontation of the Secretary of the DOC for the sexually harassing statement/examples presented to both DOC and PPB staff on December 13, 2017.

VII. **CAUSE OF ACTION**

**CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e-2(a), 3(a)**
**Retaliation**

29. Paragraph 1 through 28 of this Complaint are incorporated herein by reference as though set forth in full.

30. The actions described herein were in violation of the civil rights of the Plaintiff, occurred during the Plaintiff's employment with the Defendant and were carried out by the Defendants and its agents, servants, and employees.

31. The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of the Plaintiff's retaliation for questioning the sexually harassing remarks approved by a sister agency.

WHEREFORE, the Plaintiff demands judgment in his favor and against the Defendant and prays:

    a) That this Court declare that the practices in which the Defendant has engaged are retaliatory and in violation of Title VII of the Civil Rights Act of 1964;

    b) That this Court permanently enjoin the Defendant from engaging in retaliation.

    c) That this Court order the Defendant to pay to Plaintiff compensatory damages.

d) That this Court order the Defendant to pay to the Plaintiff punitive damages.

e) That this Court order the Defendant to pay to the Plaintiff reasonable attorneys' fees and the costs of this action.

f) This Court enter a money judgment, awarding Plaintiff damages representing lost wages and all sums of money, including retirement benefits and other employment benefits which the Plaintiff would have earned has he not been retaliated against together with interest on said amounts; and

g) That this Court award such other and further relief as may be just and equitable.

Respectfully Submitted,

*Ronald T. Tomasko*

Ronald T. Tomasko, Esquire
Attorney I.D. No. PA 61190
Tomasko & Koranda, P.C.
6 N. Frederick Street
Mechanicsburg, PA 17055
(717) 428-8200
(717) 428-9500
rtt@t-klaw.com
Attorney for the Plaintiff,
Luis Rosa

Date: November 25, 2020

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ROSA, | : | |
| Plaintiff, | : | |
| v. | : | No. |
| PENNSYLVANIA PAROLE BOARD | : | |
| Defendant. | : | Electronically filed |

## CERTIFICATE OF SERVICE

I hereby certify that on ___November 25, 2020___, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____
Ronald T. Tomasko, Esquire
Attorney I.D. No. PA 61190
Tomasko & Koranda, P.C.
6 N. Frederick Street
Mechanicsburg, PA 17055
(717) 428-8200
(717) 428-9500
rtt@t-klaw.com